EX PARTE CARMEN, PETITIONER AND APPELLANT.

APPEAL from the First District Court of San Juan in Partition Proceedings.

No. 3334.—Decided July 9, 1924.

PARTITION—MINORS—PROPERTY OF MINORS.—In a partition affecting minor heirs of a deceased co-owner there was deducted from their share the value of a lot previously sold by all of the co-owners, including the father of the minors, on the ground that he received the proceeds of the sale. An appeal was taken from an order refusing to approve the partition and it was *Held:* That as the deed of sale of the lot did not show that the proceeds of the sale were received by the father of the minors, the partition was void for that reason and also for the reason that the minors were represented in the partition by one of the participants in the estate.

The facts are stated in the opinion.

*Mr. M. F. Rossy* for the appellant.

*Mr. José E. Figueras, Fiscal,* for the minors.

MR. JUSTICE FRANCO SOTO delivered the opinion of the court.

By a deed executed before notary Manuel F. Rossy on March 31, 1923, the heirs of the deceased Norberto del Carmen made a partition of a certain property situated in Santurce which they had recorded previously *pro indiviso* in the registry of property by means of a dominion title proceeding. Half of the property was recorded in the name of the widow, Jacinta Caballero y París, as community property and the other half in the names of her four children born of her marriage with the deceased, their names being Francisca, Eulalia, Isidra and Jesús del Carmen y Caballero.

Of these heirs Jesús had died and to the deed of partition his natural children, who had been designated as his heirs by the court, were parties, their names being Fabiana, Acacia, Francisco and Pedro del Carmen y de León, the last two being minors represented by their guardian, Francisca del Carmen, who also was a party to the deed in her own right as one of the heirs.

In the deed of partition it is declared that several lots had been sold previously by the widow and the four children to different persons and that although in the respective deeds it is stated that the price was received by all of the heirs, the fact is that the price of the lot sold to Mercedes Oller was paid wholly to Jesús, the father of the said minors, for which reason the lot of land so sold was deducted from their share in the partition.

With the petition the deed of partition and other documents were exhibited and at the foot of the petition appears the report of district attorney Rafael Arrillaga, in which he simply recommended the approval of the deed of partition in so far as the minors were concerned, inasmuch as their rights were secured.

Thereafter the petitioners filed a motion offering parol evidence in addition to the deed of partition with regard to the interests of the minors, and a plan drawn by a surveyor showing exactly the division made of the land.

The evidence was examined and the case was referred to district attorney Domingo Massari, who rendered the following report:

"In this case it is asked that the court approve a partition. The estate consists of a property held in undivided common by four co-owners, one of whom died leaving four children, two of them being minors. Some time before the death of the father of these minors a part of the said property had been sold and the deed of sale was executed by the four co-owners, among them the father of the minors.

"In the deed of partition there is deducted now from the share of the children of the deceased the whole of the part sold, it being alleged that the deceased received all of the purchase price; but this deos not appear from the deed of sale. The sale having been made as stated and it being necessary to abide by the deed, it is clear that the sale of that part affects the common mass and for that reason it should not be deducted wholly from the share of the heirs of the deceased. The property should be divided into four equal parts, taking as a basis its present area, that is to say, each of the two minors should receive one sixteenth of the property equitably so that their rights may not be prejudiced.

"Therefore, as the deed of partition does not operate as a fair and equitable division in accordance with the law, the district attorney suggests that the court should not approve it."

In consideration of this report the trial court refused to approve the partition, and on our part we have reached the same conclusion in view of the reasons given by district attorney Massari for objecting to the approval of the partition. And it should be added that as the guardian of the minors is interested in the partition of the property, her representation of the minors at the same time renders the partition null and void.

For the foregoing reasons the order of the trial court must be

*Affirmed.*

Chief Justice Del Toro and Justices Aldrey and Hutchison concurred.

Mr. Justice Wolf took no part in the decision of this case.